UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JASON LEOPOLD<br>c/o Law Office of Jeffrey L. Light<br>1712 Eye St., NW, Suite 915<br>Washington, DC 20006,<br><br>PLAINTIFF<br>vs.<br><br>DEPARTMENT OF JUSTICE,<br>950 Pennsylvania Ave., NW<br>Washington, DC 20530,<br><br>DEFENDANT | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    Judge _____<br>   Civil Action No. _____ |

## COMPLAINT

### THE PARTIES

1.      Plaintiff Jason Leopold is an investigative reporter covering a wide-range of issues, including Guantanamo, national security, counterterrorism, civil liberties, human rights, and open government. Additionally, his reporting has been published in The Guardian, The Wall Street Journal, The Financial Times, Salon, CBS Marketwatch, The Los Angeles Times, The Nation, Truthout, Al Jazeera English and Al Jazeera America.

2.      Defendant Department of Justice ("DOJ") is an agency of the United States within the meaning of 5 USC § 552(f).

3.      The Federal Bureau of Investigation ("FBI") is a component of Defendant DOJ

4.      The FBI has possession, custody and control of the records Plaintiff seeks.

### JURISDICTION AND VENUE

5. This action arises under the Freedom of Information Act ("FOIA"), 5 USC § 552.

6. This Court has jurisdiction over the parties and subject matter pursuant to 5 USC § 552(a)(4)(B). Jurisdiction also lies with this Court under 28 USC § 1331.

7. Venue is proper in this district pursuant to 5 USC § 552(a)(4)(B).


STATEMENT OF FACTS

8. On its website, the FBI indicates that its Office of Public Affairs "coordinates and develops relationships with the news media and with the publishing, motion picture, television, radio and entertainment industries to promote Bureau accomplishments and ensure that depictions of the FBI are accurate and factual in regard to our policies and practice."

9. On August 23, 2014, Plaintiff submitted a FOIA request to the FBI for records relating to the FBI's relationships with the news media, publishing, motion picture, television, radio, and entertainment industries. Specifically, Plaintiff sought the following 20 categories of records:

- Any and all records referring to, mentioning, or discussing the following movies: *FEDS, The Sentinel, Twin Peaks: Fire Walk With Me, The Heat, Untraceable, Mississippi Burning, The Silence of the Lambs, Point Break, Twin Peaks: Fire Walk with Me, Incident at Oglala, Thunderheart, Panther, Donnie Brasco, Face/Off, The Siege, The X-Files: Fight The Future, The X-Files: I Want to Believe, Red Dragon, Saw IV, Saw V, Saw VI, Transformers, Untraceable, New York, Public Enemies, American Hustle, Breach, Traitor, J. Edgar, Big Momma's House, Big Momma's House 2, Catch Me If You Can, The Rock, The Usual Suspects, The Untouchables, Patriot Games,* and any and all other movies/motion pictures in which the FBI and/or officials at the agency acted as an advisor, assisted in the development and production

- For the period from 1980 on, any and all records which constitute, refer to, mention, or discuss FBI advertisements, promotions, or public service announcements which were shown at movie theaters

- Any and all records referring to, mentioning, or discussing the movie *Game of Pawns*, including but not limited to the following: original script, any revisions to the script, the final script, the budget for the movie, timesheets/timekeeping records for work on the movie by any government employee, the annual salary of any government employee who

worked on the movie, receipts for any goods or services purchased or rented for the movie, all raw footage of the movie, any "outtakes" or unused footage, "b-roll" footage, emails and other communications to or from the cast or director of the movie, any contracts for any goods or services for any aspect of making or distributing the movie, any bids or requests for proposals for any goods or services for any aspect of making or distributing the movie, any talking points about the movie, any draft press release about the movie, communications with individuals or companies who sought to work on the movie but were ultimately not hired or contracted with, footage of auditions, communications discussing social media or other strategies for promoting the movie

- Any and all records referring to, mentioning, or discussing the real life events that are depicted in the movie *Game of Pawns*

- For the period from 1980 on, all records constituting, referring to, mentioning, or discussing any movie produced or conceived of by the FBI and released or intended for release to the general public, including but not limited to the following: original script, any revisions to the script, the final script, the budget for the movie, timesheets/timekeeping records for work on the movie by any government employee, the annual salary of any government employee who worked on the movie, receipts for any goods or services purchased or rented for the movie, all raw footage of the movie, any "outtakes" or unused footage, "b-roll footage," emails and other communications to or from the cast or director of the movie, any contracts for any goods or services for any aspect of making or distributing the movie, any bids or requests for proposals for any goods or services for any aspect of making or distributing the movie, any talking points about the movie, any draft press release about the movie, communications with individuals or companies who sought to work on the movie but were ultimately not hired or contracted with, footage of auditions, communications discussing social media or other strategies for promoting the movie

- For the period from 1980 on, any and all documents referring to, mentioning, describing, discussing, or constituting the FBI's budget for producing, promoting, and/or distributing films or other entertainment released or intended for release to the general public

- For the period from 1980 on, any and all communications with the FBI's Office of Public Affairs constituting, mentioning, or discussing: guidance on content regarding FBI investigations, procedures, structure, and history; information on costumes, props, scenery, and weapons; fact checks; liaison and coordination with local FBI field offices; coordination of location shots; or access to FBI facilities for filming scenes, interviews, or "b-roll footage"

- Any film script in the possession, custody, or control of the FBI, whether or not the FBI physically has possession of the script, and whether or not the script is completed

- For the period from 1980 on, any communications to or from the FBI Office of Public Affairs discussing, mentioning, or referring to any movie or film, including but not limited to film scripts, plot, treatment, project status, budget, timeline, or production

schedule

- For the period from 1980 on, any communications to or from the FBI Office of Public Affairs providing guidance, or mentioning or discussing, costumes, props (including weapons), scenery, or other information

- Weapons, vehicles, uniforms, or other property of the FBI or bearing the words "FBI" or "Federal Bureau of Investigation" used in movies

- For the period from 1980 on, any and all records constituting, referring to, or mentioning any movie scripts, ideas, or pitches by the FBI or individuals acting on behalf of the FBI

- For the period from 1980 on, records of any meetings with movie/film producers, directors, or executives

- For the period from 1980 on, any and all policies discussing, mentioning, or referring to film/movie production, distribution, consulting, guidance, props, costumes, or any other aspect of filmmaking

- For the period from 1980 on, any and all training material discussing, mentioning, or referring to film/movie production, distribution, consulting, guidance, props, costumes, or any other aspect of filmmaking

- For the period from 1980 on, a copy of any standardized or "form" agreements, contracts, or other documents used in conjunction with film/movie production, distribution, consulting, guidance, props, costumes, or any other aspect of filmmaking

- For the period from 1980 on, any and all contracts or agreements with movie producers, studios, actors, directors, distributors, or other individuals or companies involved in any aspect of making, promoting, or distributing movies/films released or intended for release to the general public

- For the period from 1980 on, any records reflecting, referring to, mentioning, discussing, or constituting the coordination or development of relationships with the motion picture industry

- All communications to the FBI containing unsolicited movie scripts or pitches (including the script or pitch itself), and all communications from the FBI discussing, mentioning, or responding to unsolicited movie scripts or pitches

- For the period from 1980 on, all movie scripts or pitches sent by the FBI or an agent acting on its behalf

10.     The FBI assigned Plaintiff's FOIA request tracking number 1295158-000.

4

11.     On May 12, 2015, Plaintiff spoke with a representative from the FBI and agreed to limit his request to documents from the Office of Public Affairs (OPA) documents gathered in response to the request, as well as serials from the OPA administrative file responsive to the individual movies listed in the request.

12.     In a letter dated May 12, 2015, the FBI memorialized this agreement.

13.     As of the filing of this Complaint, Plaintiff has not received a final determination as to whether the FBI will release the requested records. Because more than 20 business days have elapsed, Plaintiff is deemed to have exhausted his administrative remedies.

<u>COUNT I:</u>
<u>VIOLATION OF FOIA</u>

14.     This Count realleges and incorporates by reference all of the preceding paragraphs.

15.     Each of the documents referred to in this Complaint is incorporated herein by reference.

16.     The FBI has violated FOIA as to request 1295158-000 by improperly withholding responsive records.

17.     Plaintiff has been and will continue to be irreparably harmed until Defendant is ordered to comply with FOIA.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff respectfully requests that this Court:

(1) Declare Defendant's failure to comply with FOIA to be unlawful;

(2) Order Defendant to search for and process the requested records without further delay;

(3) Grant Plaintiffs an award of attorney fees and other litigation costs reasonably incurred in
this action pursuant to 5 USC § 552(a)(4)(E)(i);

(4) Grant Plaintiffs such other and further relief which the Court deems proper.

Respectfully Submitted,

___/s/ Jeffrey Light_____
Jeffrey L. Light
D.C. Bar #485360
1712 Eye St., NW
Suite 915
Washington, DC 20006
(202)277-6213
Jeffrey@LawOfficeOfJeffreyLight.com

*Counsel for Plaintiff*